IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GUTHRIE PATRICK JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00608-CV-W-BP-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff Guthrie Jones was born in December 1982 and applied for DIB and SSI on May 28, 2019, alleging that she became disabled on November 15, 2018. (R. at 501, 505.) Prior to his alleged onset date, Plaintiff had work experience as a nursing aid, fry cook, printing press operator, and kennel attendant. (R. at 24.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from substance dependance, substance-induced psychosis, schizophrenia, bipolar disorder, and anxiety. (R. at 17.) The ALJ found that including Plaintiff's substance use, his impairments were medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 17.) However, the ALJ found that if Plaintiff ceased using substances, his combination of impairments

would not be medially equal in severity to one of the listed impairments, although they would still constitute a "severe" impairment. (R. at 20.)

The ALJ then evaluated what Plaintiff's Residual Functional Capacity ("RFC") would be if Plaintiff ceased his substance use.[*] He found that, due to Plaintiff's impairments, Plaintiff could perform work at all exertional levels, but with non-exertional limitations: Plaintiff can follow only simple instructions and perform simple, routine tasks; Plaintiff cannot perform work where social interaction is a primary job function; Plaintiff can occasionally interact with co-workers, but cannot interact with the general public. (R. at 22.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work, but—should Plaintiff discontinue substance use—could perform a number of other jobs that exist in significant numbers in the national economy, including as an industrial cleaner, laboratory equipment cleaner, and hand packager. (R. at 24–25.) In reaching this conclusion, the ALJ relied on the testimony of a Vocational Expert ("VE") who testified that Plaintiff could perform these jobs—but for his substance use—in spite of the limitations in Plaintiff's RFC. (R. at 397–98.) Consequently, the ALJ concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

---

[*] Under the relevant regulations, "[a]n individual shall not be considered disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Thus, when an ALJ is evaluating a claimant whose impairments include substance abuse, the ALJ must essentially assess what the claimant's RFC would be but for the substance abuse.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court turns to Plaintiff's arguments.

First, in discussing Plaintiff's mental limitations, the ALJ found persuasive the opinion of Keith Allen, Ph.D., a state agency medical consultant who reviewed Plaintiff's medical history. (R. at .) Dr. Allen opined that Plaintiff was "[m]oderately limited" in his ability to "carry out detailed instructions" and "interact appropriately with the general public." (R. at 409–10.) Plaintiff contends that the ALJ erred in failing to include Dr. Allen's finding that Plaintiff is moderately limited in his ability to carry out detailed instructions in Plaintiff's RFC. (Doc. 11, pp. 26–27.) In the same vein, Plaintiff argues that although the ALJ acknowledged that Plaintiff had "moderate" limitations in concentration, persistence, or pace, he failed to include such limitations in the RFC. (Doc. 11, p. 28.) The Court disagrees, for several reasons. Initially, the language in the RFC limiting Plaintiff to following "simple instructions" and performing "simple, routine tasks" constitutes a restriction on Plaintiff's ability to carry out detailed instructions or maintain

3

concentration; the RFC is not inconsistent with Dr. Allen's report merely because the ALJ did not quote Dr. Allen verbatim. Second, "the determination of a claimant's RFC at the administrative hearing level is the responsibility of the ALJ alone and is distinct from a medical source's opinion," and the ALJ can identify the limitations in the RFC by "[v]iewing the record as a whole." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing 20 C.F.R. § 404.1546(c)). In addition to Dr. Allen's report, the ALJ cited a number of medical examinations indicating that Plaintiff's primary issue is his substance use, and that his other mental disorders cause far fewer problems—and may, in fact, be largely or entirely caused by substance use. (*E.g.,* R. at 666 (finding no clear evidence Plaintiff was psychotic absent methamphetamine abuse, but regardless, that Plaintiff responded well to medication); 917 ("It needs to be stressed that this patient's primary diagnosis is methamphetamine related."); 944 (Plaintiff exhibited normal mood and appropriate behavior in examination); 1009; 1086.) Therefore, there is substantial evidence in the Record as a whole to support the ALJ's mental RFC findings.

Next, Plaintiff argues that the ALJ erred by acknowledging that Plaintiff has limitations in his ability to interact with others, but failing to include any limitation in the RFC related to Plaintiff's interactions with his supervisors. (Doc. 11, p. 27.) The Court disagrees, for several reasons. Initially, supervisors are co-workers, so the RFC limitation restricting Plaintiff's interactions with co-workers also applies to supervisors. Further, Dr. Allen's report specifically indicates that Plaintiff is "[n]ot significantly limited" in his ability to interact with superiors, (R. at 410), which is substantial evidence to support the ALJ's RFC determination. *E.g., Buford v. Colvin,* 824 F.3d 793, 797 (8th Cir. 2016) (state agency consultant opinions are a valid basis for an RFC determination).

4

Case 4:21-cv-00608-BP   Document 18   Filed 05/05/22   Page 4 of 6

Additionally, Plaintiff argues that the ALJ erred in finding unpersuasive the opinion of Dr. Jerry Morris. (R. at 24.) Specifically, Dr. Morris assessed Plaintiff and found that he suffers significant cognitive and personality problems that prevent him from acting appropriately. (R. at 641–44.) Dr. Morris also diagnosed Plaintiff with schizophrenia, polysubstance dependence, and family dysfunction. (R. at 643.) The ALJ found Dr. Morris's opinion unpersuasive because "Dr. Morris did not provide an opinion as to the claimant's mental functioning absent substance use." (R. at 24.) Plaintiff argues that the ALJ misconstrued Dr. Morris's opinion, and that in fact, Dr. Morris attributed most of Plaintiff's issues to mental deficits not connected to his substance use. (Doc. 11, pp. 29–30.) The Court disagrees; Dr. Morris's opinion discusses both Plaintiff's mental disorders and his substance use, and does not clearly distinguish which of Plaintiff's limitations are attributable to which cause. (*See generally* R. at 641–44.) Plaintiff contends that Dr. Morris attributed these concerns to "SMI," meaning "serious mental illness," (Doc. 11, p. 30)—but Dr. Morris identified "polysubstance dependence" as one of Plaintiff's mental illnesses, along with his schizophrenia. (R. at 643.)

Further, Plaintiff contends that the ALJ erred in assessing Plaintiff's "veracity." (Doc. 11, p. 31.) Specifically, the ALJ noted in his opinion that no medical records from after July 2020 were introduced, and therefore that "the veracity of [Plaintiff's] statements [at his hearing] regarding his sobriety and current treatment is unverified." (R. at 23.) In context, however, the ALJ was simply noting the absence of medical evidence; he was not evaluating Plaintiff's overall "truthfulness," and in the remainder of the paragraph, the ALJ relies on discrepancies between Plaintiff's statements about other periods of time and the medical evidence in the record—which the ALJ is certainly entitled to do. 20 C.F.R. §§ 404.1529(c)(1)–(3); 416.929(c)(1)–(3) (the ALJ

must ascertain whether the individual's description is consistent with the medical evidence in the record, along with the individual's daily activities, medication, treatment, and other factors).

Finally, Plaintiff contends that because the ALJ erred in formulating her RFC, the hypothetical questions posed to the VE are similarly flawed. (Doc. 11, p. 31.) Because the Court has found no error in the ALJ's RFC formulation, the Court rejects this argument for the same reasons.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE:** May 5, 2022　　　　　　　　　　　UNITED STATES DISTRICT COURT